### Marion Craft v. Commonwealth.

### Martin Craft v. Commonwealth.

(Decided February 9, 1923.)

### Appeals from Letcher Circuit Court.

1. Intoxicating Liquors—Search Warrant—Affidavit.—An affidavit upon information and belief of affiant only, and which does not state any facts or circumstances upon which that belief is founded, is insufficient to support a search warrant.

2. Intoxicating Liquors—Search Warrant—Evidence.—Evidence discovered under an invalid search warrant is incompetent and such

evidence alone is insufficient to sustain a conviction, if the question is properly raised at the trial.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In the early hours of April 9, 1922, and while it was yet dark, officers searched the residence of the appellant, Marion Craft, and found two jugs containing whiskey under the bed in a room occupied by him, and in a room occupied by his unmarried son, Martin Craft, several fruit jars containing whiskey were found in a press. Upon this evidence they were separately indicted and convicted of unlawfully having intoxicating liquors in their possession. Upon their separate appeals, as they did upon their trials, they challenge the competency of this evidence and its sufficiency to carry the cases to the jury or sustain the verdicts, upon the ground that the search warrant under which the search was made did not sufficiently describe the premises to be searched, and that the affidavit upon which it issued was insufficient for the purpose. As there was no evidence in either case except that obtained by the officers under the search warrant, the competency of all the evidence for the Commonwealth in each case depends upon the validity of the search warrant, and its validity depends upon the sufficiency of the affidavit upon which it was issued, even if the warrant sufficiently described the premises to be searched. Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860; Ash v. Commonwealth, 193 Ky. 452, 236 S. W. 1032; Colly and Crawford v. Commonwealth, 195 Ky. 706; Terrell v. Commonwealth, 196 Ky. 288.

Having concluded that the affidavit was insufficient to authorize the issuance of the search warrant, we need not consider any other question raised by either appeal, since for this reason alone the judgment in each case must be reversed.

The affidavit is as follows:

"State of Kentucky, county of Letcher.

"This day personally appeared before me, a police judge of the above county and state, J. Henry Brown, who, being duly sworn, states that he believes Marion

Craft, Ira Craft, Martin Craft, John P. Craft and Columbus Craft committed the offense of possessing and selling liquor Letcher county, state of Kentucky, on or about the 8 day of April, 1922.

"J. Henry Brown.

"Subscribed and sworn to before me· by J. Henry Brown this 8 day of April, 1922,"

In discussing the sufficiency of an affidavit to support a search warrant in the case of Colly and Crawford v. Commonwealth, *supra,* we said:

"The framers of our Constitution were very careful to provide that no search warrant should be issued without 'probable cause,' supported by oath or affirmation. In other words, 'probable cause,' must be set forth under oath; and to state a conclusion such as affiants believe that there is probable cause, or have reasonable grounds for believing that the accused is guilty of a public offense, does not show probable cause, and is no protection whatever to the court in issuing the warrant nor to the officers in whose hands the warrant is placed for making the search. The statement of any facts or circumstances in an affidavit, which would be ordinarily calculated to induce in the mind of a reasonable person the belief that the accused is guilty of a public offense charged against him, will suffice to warrant the officer in issuing the search warrant because it affords probable cause, but anything less than this will not do so, and a search warrant issued without an affidavit setting forth facts and circumstances calculated to induce in the mind of a court probable cause for believing that the accused has been guilty of the offense charged, does not comply with the Constitution and statutory provisions upon the subject, and evidence against a defendant obtained· under and through such insufficient search warrant, as held in the case of Youman v. Commonwealth, 189 Ky. 152, is incompetent and should be excluded from the consideration of the jury."

The affidavit in that case stated that "there is probable cause and reasonable grounds for believing," but did not state a fact or circumstance upon which one might rely for a probable cause or which would support a reasonable belief that the defendants were guilty of any public offense.

In the case of Price v. Commonwealth, decided the same day and reported in 195 Ky. 711, an affidavit was held insufficient to support a search warrant which stated

that the affiants "have reasonable grounds for believing, and do believe" that intoxicating liquors were being sold and kept for sale in the residence of the defendant.

These two cases were approved in Mabry v. Commonwealth, 196 Ky. 627, where we again held that an affidavit based upon information and belief only was insufficient to sustain a search warrant, and there are several other very recent cases to the same effect.

As the affidavit involved here simply states the belief of the affiant without stating any fact or circumstance upon which that belief is founded, it is apparent that it is for this reason alone wholly insufficient to support a search warrant, even if it were not otherwise fatally defective.

Wherefore, the judgments are reversed, and the causes remanded for proceedings consistent herewith.