## Taylor v. Commonwealth.

(Decided April 24, 1923.)

### Appeal from Todd Circuit Court.

1. Searches and Seizures—Affidavits for Warrant Must State Facts Producing Reasonable Belief.—An affidavit for a search warrant to be sufficient, under the Constitution and statutes, must state facts sufficient to produce in the mind of a reasonable person the belief that the accused has committed the offense stated.

2. Intoxicating Liquors—Affidavit of Reasonable Belief not Sufficient to Support Warrant.—The statement that a witness believes, or has reasonable grounds to believe, that defendant has in his possession intoxicating liquors, or a still, in violation of the law, is not equivalent to a statement of fact, and is not sufficient to support a search warrant.

3. Intoxicating Liquors—Affidavit for Warrant Held to State Merely Belief.—An affidavit for a search warrant, in which affiants stated that defendant and others committed the offense of having possession of intoxicating liquors for sale, "and further believe that" they were engaged in the unlawful manufacture of intoxicating

liquors, was insufficient to state facts authorizing the issuance of a search warrant.

4. Intoxicating Liquors—Description of Premises to be Searched Held Insufficient.—A description in a liquor search warrant of the premises to be searched as the residences of named individuals "situated near Elkton and Hopkinsville, about six miles from Elkton, in Todd county," was insufficient.

McKENZIE & SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

A judgment of conviction fixing his punishment at a fine and jail sentence was meted out to appellant Taylor in the Todd circuit court, and he appeals, asking a new trial on the grounds that the evidence offered by the Commonwealth against him was incompetent and therefore should have been excluded for two reasons: (1) The affidavit on which the search warrant was issued did not state facts sufficient to support the warrant, and such statements as were made were mere belief or surmise on the part of the witness making the affidavit; (2) the warrant was too indefinite in its description of the premises to be searched.

Appellant lived several miles from the county seat of Todd county, and was a farmer. His nearest neighbor was A. O. Daniel. The sheriff received many complaints from the neighborhood of appellant's residence that appellant was engaged in the moonshining business and in handling liquor. After obtaining the search warrant as hereinafter set out the sheriff and his deputies went to the home of appellant to search for illicit whiskey and a still. After searching the house and finding nothing of consequence, they made a search of the barn of appellant. Under the floor of a stall they found fresh dirt. Removing this they found buried in the ground the boiler of a copper still of the capacity of about forty (40) gallons. This still they unearthed and carried with them to the courthouse as evidence. Appellant denied any knowledge of the existence of the still and especially of how it came to be buried in his barn, and emphatically denied that he owned or had any interest in the still. The jury, however, found him guilty upon the evidence of the of-

ficers who unearthed the still. These officers testified that appellant did not stay with them all the time they were searching his premises; that the searchers went into the barn, then into the stall of the barn, in which a large quantity of baled hay was laying on the board floor. This hay was removed and part of the floor taken up and the still discovered; that the barn where the still was found was in Todd county very near the residence of appellant and was the property of appellant. Of course, if this evidence given by the officers was incompetent, the court should have instructed the jury to find the appellant not guilty, in pursuance to the motion of his counsel. Its competency depends upon the sufficiency of the search warrant and affidavit on which it was issued.

An affidavit in order to be sufficient to support a search warrant, under our constitutional provision and statutes on the subject, must state facts, not beliefs or conclusions sufficient to produce in the mind of a reasonable person the belief that the accused has in his possession or on his premises liquor unlawfully obtained and possessed in violation of law, or has in his possession on his premises an illicit still, or some other fact showing the guilt of the accused. The statement that the witness swearing to the affidavit believes or has reasonable grounds to believe that the defendant has in his possession either of said things in violation of law is not sufficient to support the warrant. Facts must be stated, not beliefs or conclusions. Weaver v. Fick, 174 Ky. 432; Colley and Crawford v. Commonwealth, 195 Ky. 706; Bruner v. Comth., 192 Ky. 386; Craft v. Comth., 197 Ky. 612; Price v. Comth., 195 Ky. 711. Measured by this rule the affidavit in this case appears insufficient. It says: "This day appeared personally before me, the undersigned judge of the Todd county court, J. N. Edwards and R. R. Kirkman, who being duly sworn, states that on or about the — day of April, 1922, Tom Taylor, Clarence Gray, Davenger Gray and John Gray and George Gray, did commit the offense of having in possession intoxicating liquors for the purpose of sale, and further believe that the aforementioned parties are engaged in the unlawful manufacture of intoxicating liquors. Said residences are situated near Elkton and Hopkinsville, about six miles from Elkton, Ky., in Todd county." It will be observed that facts are not set out in the foregoing affidavit, but merely the beliefs of the affiants. This war-

rant was issued on the 11th day of April, 1922, but when the liquor or still were possessed, if ever, by appellant is not shown by the affidavit. The fact is that the affidavit in its concluding clause contains a statement that the witnesses further believed that the aforementioned parties are engaged in the unlawful manufacture of intoxicating liquors does not cure the defects.

We believe that appellant's objection to the search warrant is also well taken. It does not give the location of the premises of appellant directed to be searched, but it does describe them in a very general and remote way. Todd county is large and covers much territory. We are of opinion that a description like that set forth in the warrant under consideration was insufficient to enable the officer with certainty to find and search the premises intended.

Judgment reversed.