## Caudill v. Commonwealth.

(Decided April 22, 1924.)

### Appeal from Pike Circuit Court.

1.  Criminal Law—Indictment and Information—Reversible Error Not to Sustain Demurrer or Require Commonwealth to Elect Offense for which it would Try Defendant.—Where indictment charged

the offense of manufacturing, selling, possessing, giving away, keeping for sale, and transporting intoxicating liquors, six separate offenses, and defendant demurred thereto, the court either should have sustained the demurrer or should have required the Commonwealth to elect the offense for which it would try the defendant, and court's failure to do either was reversible error, under Criminal Code of Practice, section 126.

2. Intoxicating Liquors—Affidavit for Search Warrant Must State Facts or Circumstances.—Affidavit for search warrant must state facts or circumstances sufficient in themselves to support probable cause; that is, they must be sufficient to furnish the officer issuing the search warrant probable cause, and an affidavit "that the affiant is positive that there is now in the possession of M. a moonshine still," etc., is insufficient, and it is immaterial that the affidavit was made and search warrant issued by a United States commissioner.

3. Criminal Law—Evidence Procured Under Invalid Federal Search Warrant Not Admissible in State Court.—Affidavit for search warrant made before a United States commissioner being insufficient, and hence search warrant issued by such commissioner being invalid, evidence procured by a search under the warrant was not admissible in a prosecution in the state court.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Reversing.

This is an appeal from a judgment of the Pike Circuit court imposing on the appellant, Mathew Caudill, a fine of $500.00 and imprisonment in jail for six months for a violation of the statute against the manufacture of spirituous liquors. The appellant urges several grounds as reasons for a reversal, only two of which it is deemed necessary to notice.

1. The indictment in this case reads as follows:

"The grand jury of Pike county, in the name and by the authority of the Commonwealth of Kentucky, accuse Mathew Caudill of the offense of unlawfully manufacturing, selling, bartering, possessing, giving away and keeping for sale, and transporting, spirituous, vinous, malt and intoxicating liquors, committed in manner and form as follows, viz.: The said Mathew Caudill on the 12th day of

September, 1923, in the county aforesaid did unlawfully manufacture, possess, sell, barter and give away to divers persons whose names, number and identity are to the grand jury unknown, and keep for sale, and transport from place to place, spirituous, vinous, malt and intoxicating liquors, other than for sacramental, medical, scientific or mechanical purposes, against the peace and dignity of the Commonwealth of Kentucky.''

The appellant, on trial of the case below, demurred to the indictment and it appears that the court overruled the demurrer, to which exceptions were properly taken. It will be observed that this indictment charges the appellant with the offense of manufacturing, selling, possessing, giving away, keeping for sale and transporting spirituous, vinous, malt and intoxicating liquors, six separate offenses. The court either should have sustained the demurrer to this indictment or should have required the Commonwealth to elect the offense for which it would try the defendant. Ash v. Commonwealth, 193 Ky. 452, 236 S. W. 1032; Walker v. Commonwealth, 193 Ky. 426, 236 S. W. 566; Ellis v. Commonwealth, 78 Ky. 130; Messer v. Commonwealth, 26 K. L. R. 40; Criminal Code, section 126. The court's failure either to sustain the demurrer or require the Commonwealth to elect is a reversible error.

2. The second question presented that we deem it necessary to pass upon is as to the sufficiency of the affidavit for the search warrant under which the evidence against the appellant was found. Its pertinent parts are as follows:

''Personally appeared J. C. Bentley, who, being by me first duly sworn, did depose and say: That he is positive, has reason to believe and does believe that within a certain house, etc., . . . that the facts tending to establish the grounds of this application, and the probable cause of deponent believing that such facts exist are as follows: That the affiant is positive that there is now in possession of Mathew Caudill a moonshine still, etc.''

We may add that the search warrant and the affidavit under which it was issued were introduced by the Commonwealth upon the trial of the case below. All the evidence introduced against appellant was found by the

search. The appellant objected to the introduction of the evidence on the ground of the insufficiency of the affidavit under which the search warrant was issued.

It is the rule in this court that facts or circumstances must be stated in the affidavit for a search warrant which are sufficient in themselves to support *probable cause;* that the facts and circumstances stated in the affidavit must be sufficient to furnish to the officer issuing the search warrant *probable cause.* See Colley and Crawford v. Commonwealth, 195 Ky. 706, 243 S. W. 913; Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927; Mabrey v. Commonwealth, 196 Ky. 628, 245 S. W. 129; Carter v. Commonwealth, 197 Ky. 400, 247 S. W. 3; Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035; Mattingly v. Commonwealth, 197 Ky. 584, 247 S. W. 939; Craft v. Commonwealth, 197 Ky. 614, 247 S. W. 722.

Let us then measure the language used in the affidavit under which the search warrant in this case was issued by that rule and see if it measures up to the requirements. The affiant states "that he is positive, has reason to believe and does believe that within a certain house, etc.," and "that the facts tending to establish the grounds of this application, and the probable cause of deponent believing that such facts exist are as follows: That the affiant is positive that there is now in the possession of Mathew Caudill a moonshine still, etc."

It will be seen that the maker of this affidavit stated no fact or circumstance upon which to base his belief that the appellant had a moonshine still in his possession. It will likewise be seen that the affidavit did not furnish to the officer who issued the search warrant facts or circumstances upon which to base *probable cause* for so believing. The statement by the affiant "that he is positive, has reason to believe and does believe" is merely another way of saying that he very strongly believes, and does not even measure up to the rule adopted by this court "that the statement by the affiant of the ultimate fact, as a fact, and not merely upon information and belief is sufficient to justify the necessary belief by the judicial officer and to sustain the warrant."

Nor does it make any difference that the affidavit for this search warrant was made before and the search warrant issued by a United States commissioner. The attorney briefing this case for the appellant states that he is very anxious to have a ruling of this court as to

the validity or nonvalidity of a federal search warrant when attempted to be used in the circuit court in this state.

We call attention to the case of Walters v. Commonwealth, 199 Ky. 184, in which this question was fully discussed and determined. In that case all the evidence of defendant's guilt was obtained by federal officers under a search made by authority of a search warrant issued by a commissioner of the federal district court. We quote the following from that opinion as the rule adopted by this court upon this question:

"We therefore conclude that the evidence introduced against defendant was competent, provided the federal search warrant under which it was obtained was valid, but not otherwise. Its validity, of course, depends upon the federal law, and must be tested thereby, but as to the method of making that test, we do not feel bound by the practice prevailing in the federal courts, which is materially different from the rule obtaining in this state for testing the validity of search warrants issued by state authorities."

And also as follows:

"At any rate, we do not feel called upon to adopt a different rule of practice in testing a federal warrant for the purpose of determining the admissibility in our courts of evidence obtained thereunder, from the rule we have adopted with reference to such warrants issued by state authorities."

The affidavit being insufficient, it follows that the search warrant was invalid and that the evidence procured thereunder was incompetent against the defendant upon the trial of this case in the court below. The defendant objected to the introduction of this evidence, moved the court to exclude it, and at the conclusion of the evidence for the Commonwealth moved the court peremptorily to instruct the jury to find him not guilty. This the court refused to do and proper exceptions were taken by defendant.

We conclude that the motion of the appellant for a peremptory instruction should have been sustained and that the court's failure to do so was error.

For the foregoing reasons the judgment is reversed with directions to grant the defendant a new trial and for further proceedings consistent with this opinion.