## Neal v. Commonwealth.

(Decided May 23, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Searches and Seizures—Affidavit for Search Warrant Must State Facts from which Officer Could Determine Whether Probable Cause Existed.—Affidavit for search warrant is fatally defective, and warrant is invalid if it does not state facts or circumstances upon which officer issuing warrant could have determined for himself whether probable cause existed.

2.  Criminal Law—Evidence Obtained Under Invalid Search Warrant Inadmissible.—Evidence obtained under invalid search warrant is incompetent.

3.  Searches and Seizures—Affidavit for Search Warrant Stating Ultimate Facts Sufficient.—An affidavit for search warrant is sufficient if it states ultimate facts as facts and not merely as belief.

4.  Intoxicating Liquors—Affidavit for Search Warrant Held Sufficient.—An affidavit stating that affiant "knows that intoxicating liquors are sold and possessed . . . contrary to law and in violation of the Kentucky prohibition law," was sufficient to support search warrant.

5.  Criminal Law—Instruction Giving Wrong Year as Date of Offense Held Merely Clerical Error, and Not Prejudicial.—Error in instruction giving date upon which offense was alleged to have been committed as September 24, 1924, when it should have been September 24, 1923, was merely clerical error, and could not have confused jury or prejudiced defendant, where trial was had on February 8, 1924.

MATT J. HOLT and MARTIN T. MORAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of having whiskey in his possession unlawfully, and the evidence of his guilt was obtained, in part, under a search warrant.

The sufficiency of the affidavit upon which the search warrant issued is attacked upon the ground that it does not state any facts or circumstances upon which the officer issuing the warrant could have determined for himself whether probable cause existed for issuing it. If this be true, then under a long line of cases, the affidavit was fatally defective, the warrant was invalid, and the evidence obtained thereby was incompetent, as appellant contends. Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927; Crawford v. Commonwealth, 195 Ky. 706, 243 S. W. 913; Craft v. Commonwealth, 197 Ky. 612, 247 S. W. 722; Carter v. Commonwealth, 197 Ky. 400, 247 S. W. 3; Poston & Crouch v. Commonwealth, 201 Ky. 189, 256 S. W. 25; Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035.

But we have also held in numerous cases upon which the Commonwealth relies, that it is sufficient if the affidavit states the ultimate facts as facts, and not merely as a belief. Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 939; Caudill v. Commonwealth, 198 Ky 695, 249 S. W. 1005; Walters v. Commonwealth, 199 Ky. 182, 250 S.

W. 839; Goode v. Commonwealth, 199 Ky. 758, 252 S. W. 105; Moore v. Commonwealth, 200 Ky. 419, 255 S. W. 77.

In so far as pertinent, the affidavit reads:

"The affiant states that he knows that intoxicating liquors are sold and possessed at said soft drink stand contrary to and in violation of the Kentucky prohibition law."

There is a manifest and material difference in the statement by an affiant that he believes there is whiskey in a described place, and his statement he knows there is whiskey there. In the one instance he avoids and in the other he assumes responsibility for the truth of his averment, and it is this difference that marks the dividing line between the cases.

In the first place the affidavit does not furnish the magistrate any basis whatever for determining if probable cause exists. Nor does it afford the accused the basis for action against his accuser for redress if probable cause does not exist. But if the affiant swears that facts constituting probable cause exist, or that he knows they exist, the magistrate has reasonable grounds for believing same to exist or not, dependent on whether or not in his judgment the affiant is worthy of belief. And the accused may proceed against his accuser for damages resultant from such an accusation, if false.

As said in the Goode case, *supra*:

"The usual test of the sufficiency of an affidavit is whether it is so drawn that a prosecution could be maintained thereon if any material allegation contained therein is false. No sustainable charge could be based on an affidavit falsely alleging information and belief, but a provable charge could be based on an affidavit falsely stating that a conversation occurred with a designated person, in which that person made specific statements. Hence there is good reason for refusing the warrant in the one instance and issuing it on the other, for in the first case no one could be held responsible for any injustice that might result from the search, whereas in the second case the responsibility would be fixed. With this distinction in view, and having in mind the constitutional aim of protecting the person and property of the cit-

izen from unreasonable search, we do not think it necessary that the affidavit contain statements that amount to evidence or to which the maker would be permitted to testify on the trial, but only such statements which, if falsely made, would sustain a prosecution against the maker, and which afford probable cause for the belief that an offense had been committed. We may add that in deciding whether the affidavit shows probable cause it is quite proper for the court to consider, if he knows, the character of the person making the affidavit, as well as that of the person from whom the information was obtained. Presumably the judge issuing this warrant was acquainted with the maker of this affidavit and him from whom the information was first obtained. He had, as we have said, the right to consider the source of the information in connection with the statements made. Having done so, there appeared to him probable cause for issuing the warrant. We cannot say his conclusion was wrong.''

Convinced that there is no material difference between an averment by an affiant that a fact exists and that he knows it exists, and that an affidavit in either form meets the test recognized in many cases as stated in the Goode case, *supra,* we have concluded the court did not err in admitting the evidence disclosed by the search prosecuted under the search warrant issued upon the affidavit *supra.*

Another contention for appellant is, that instruction No. 1, given by the court, is erroneous because it gives the date upon which the offense is alleged to have been committed as September 24, 1924, when it should have been September 24, 1923, according to the warrant and the evidence. As the trial was had on February 8, 1924, it is clear that the error was merely clerical and could not have been confusing to the jury or prejudicial to the appellant.

Several other questions are suggested but not urged in brief for appellant, which we have considered but do not regard of sufficient merit to warrant discussion.

Finding no error in the record prejudicial to the appellant's substantial rights, the judgment is affirmed.

Whole court sitting.