## Jackson v. Commonwealth.

(Decided April 23, 1926.)

### Appeal from Scott Circuit Court.

1. Searches and Seizures—To Justify Issuing Search Warrant, Facts Stated by Affiant Must Create Reasonable Belief in Officer Issuing it as a Discreet and Prudent Person that One Against Whom it Issues Harbors Guilty Evidence.—To justify issuing a search warrant, the facts stated by affiant must create a belief in the officer issuing it as a discreet and prudent person that the one against whom it is issued harbors the guilty evidence to be discovered by the search, but they need not create a belief of guilt beyond reasonable doubt.

2. Criminal Law.—Guilt of accused must be established beyond reasonable doubt in a final trial in a court of original jurisdiction.

3. Searches and Seizures—Reasonable Ground of Suspicion, Supported by Circumstances Sufficiently Strong in Themselves to Warrant Discreet and Prudent Man in Believing that Crime is Being Committed, Justifies Officer in Issuing Search Warrant, but Affiant's Stating there is Probable Cause, Without Stating Facts, is Insufficient.—Reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a discreet and prudent man in believing that a crime is being committed, justifies an officer in issuing a search warrant, but statement of affiant that there is probable cause, without stating the facts, is not sufficient.

4. Searches and Seizures—Sheriff's Affidavit that he Saw Still Within 75 Yards of Accused's Residence with Well-Beaten Path Going from Thence to Residence Showed Probable cause to Believe Accused Guilty of Possessing Intoxicating Liquor, which Authorized Issuing Search Warrant.—Where the day before making affidavit sheriff saw a still operating within 75 yards of accused's residence, with well-beaten path recently used going from thence to his residence, no part of which was used by public, there was probable

cause to believe accused guilty of unlawfully possessing intoxicating liquor, which authorized issuing a search warrant.

LLEWELLYN F. SINCLAIR for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Jackson, was tried in the quarterly court of Scott county on a warrant charging him with unlawfully possessing intoxicating liquors. He was convicted and appealed to the Scott circuit court, where he was again convicted, and his motion for a new trial made in that court was overruled and he prosecutes this appeal to this court.

The only ground urged for a reversal is, that the evidence introduced by the Commonwealth was incompetent, and defendant's objections thereto should have been sustained because the affidavit for the search warrant of defendant's house and premises, and by means of which the evidence was obtained, was insufficient to create probable cause for the issuing of the warrant. The affidavit upon which it was issued was made by the sheriff of Scott county, and after stating affiant's belief of defendant's guilt of unlawfully possessing the intoxicating liquor it states the grounds therefor in this language: "He states that his reasons for so believing are as follows: That on Sept. 4th, 1925, while upon said premises he saw an illict still in operation on said premises about 75 yards from the said house with a well-beaten path leading from the still to the house." It is strenuously argued that under our opinions in the case of McCall v. Commonwealth, 210 Ky. 336, and other similar ones preceding it, the facts as so stated by the affiant were insufficient to constitute probable cause for the officer issuing the warrant, but we can not accept the argument. In the first place it proceeds upon the theory that the facts necessary to create probable cause should be as strong and convincing as is necessary to sustain a conviction upon a final trial, and which, as we shall see, is untrue.

The text in 24 R. C. L. 707, paragraph 9, in stating the rule as gathered from the expressions and determinations of the courts generally, says: "The question of probable cause does not depend on whether the offense

had been committed in fact, or whether the accused is guilty or innocent, but on the affiant's belief based on reasonable grounds. He may act on appearance, and if the apparent facts are such that a discreet and prudent man would be led to the belief that the accused had committed a crime, he will not be liable for malicious prosecution although it may turn out that the accused was innocent; but mere suspicions without any reasonable ground for believing them to be founded in fact will not amount to a probable cause. It is the judge or magistrate before whom the complaint is filed who determines the question of the existence of the 'probable cause' for the issuance of the search warrant, and not the person who files or verifies the complaint, and asks for the warrant.'' In line with that text are the very recent opinions from this court, of Caudill v. Commomnwealth, 198 Ky. 695; Taylor v. Commonwealth, 198 Ky. 728, and Cooley and Crawford v. Commonwealth, 195 Ky. 706. See also annotations beginning on page 742 following the case of Voorhies v. John Faust, 220 Mich. 155, and reported in 27 A. L. R. 706. In that annotation, beginning on the page named (742) of the latter publication, are cases from a great number of the courts of last resort in the various states as well as federal courts, and the general rule to be gathered therefrom is that the facts to be stated by the affiant as a basis for the issuing of a search warrant must be such as to create a reasonable belief in the mind of the officer who issues the warrant as a discreet and prudent person that the one against whom it is issued harbors the guilty evidence to be discovered by the search. It is not essential that such facts as so stated by the affiant would create a belief or conviction in the mind of the officer of the guilt of the defendant in the warrant beyond a reasonable doubt as is required in a final trial in a court of original jurisdiction.

Hence, in the case of United States v. Leper, 288 Fed. R. 136, the court said: ''It is not required that the evidence should show that a crime was actually committed, or that the facts should be alleged strong enough to convict the defendant. It is enough if probable cause exists, or a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a discreet and prudent man in believing that a crime is being committed.'' Whensoever that condition is produced by the facts stated in the affidavit, the officer called upon to issue the warrant is justified in doing so.

But, as we and other courts have held, it is not sufficient for that purpose for the affiant to merely state that there is probable cause, based only upon his mere belief, without stating the facts in support of that belief. Carter v. Commonwealth, 197 Ky. 400; Craft v. Commonwealth, 197 Ky. 612, and Mattingly v. Commonwealth, 197 Ky. 583, and cases from other courts contained in the annotations, *supra,* beginning on page 744 of the volume referred to.

If, however, the rule were otherwise it is then our opinion that the facts stated in the affidavit in this case were sufficient to sustain a conviction and that the contention of counsel could not be sustained, even though the facts stated in the affidavit for the search warrant should be of the same convincing force as was necessary to uphold a conviction on a final trial. The McCall case, *supra,* and others relied on are not in point, because the facts are widely different. The McCall case involved only the question of the sufficiency of the evidence to sustain a final conviction, and it was held that it did not do so because the only facts proven were that a still was found some three-quarters of a mile from defendant's residence, with a path leading therefrom into a neighborhood path running up a hollow and which latter was used as a passway by the people generally, and farther up from where the path leading into it from defendant's house there was another path leading in the opposite direction to the place where the still was found. That place was not on defendant's premises or any that were under his control or in his possession and no one had ever seen him in or around or about the location of the still, and we held that it was just as reasonable to conclude that others owned and operated the still as it was to conclude that defendant did so, and that the evidence was, therefore, insufficient to sustain his conviction. Not so in this case. Here the still that the affiant (the sheriff) saw the day before he made the affidavit was within 75 yards of defendant's residence, with a well-beaten and recently used path going from thence to his residence and no part of which was used by the public generally, and we are convinced it was sufficient to create probable cause under the authorities, *supra,* to believe defendant guilty of the unlawful possession, and the judge of the Scott quarterly court did not err in issuing the search warrant based upon such probable cause.

Wherefore, the judgment is affirmed.