## Duncan v. Commonwealth.

April 18, 1944.

Will H. Caylor for appellant.

Eldon S. Dummit, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The appellant was fined $100 and sentenced to confinement in jail for sixty days for having intoxicating liquor in his possession in violation of the local option law. He has made a motion for an appeal.

Under the authority of a search warrant the sheriff and a posse went to the appellant's home. When they

neared the house the appellant, who was sitting on the front porch, went into the house. The officers followed him and found him pouring a quart of moonshine whiskey in the sink. They secured a part of the whiskey which had been mixed with water. This was all the evidence and it was obtained under the search warrant, since the entry of the officers into the home could only be justified thereby.

The search warrant was based on an affidavit filed by the sheriff, stating, as the reason for his belief that intoxicating liquor was possessed by the appellant, that "complaints are frequently made that Mart Duncan is selling whiskey and that he has the reputation of selling whiskey."

It is the established rule that an affidavit based on information or belief is not a sufficient basis for a search warrant unless it is accompanied by a statement of facts showing the affiant's source of information, of such recent occurrence as to create probable cause for the belief that the forbidden articles were possessed at the time the affidavit was made. Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035; Van Hook v. Commonwealth, 247 Ky. 81, 56 S. W. (2d) 702. These cases held that failure to state the time when the alleged facts occurred rendered the affidavit insufficient and the search warrant issued pursuant thereto void.

The affidavit before us does not state the time when the complaints were made nor does it state the source of the affiant's information—it is merely an affidavit as to gossip or rumor. Affidavits of this character have been condemned by this court so frequently that further discussion is superfluous.

Since the search warrant was void, the evidence obtained thereunder was inadmissible. Van Hook v. Commonwealth, supra. There being no other evidence, a verdict of not guilty should have been directed.

The appeal is granted and the judgment reversed, with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.