## Carroll v. Commonwealth.

June 9, 1944.

Sylvester V. Little for appellant.

Eldon S. Dummit, Attorney General, and Blanche Mackey, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Appellant was convicted of possessing, in local option territory, intoxicating liquor for the purpose of sale. The only evidence of his guilt sufficient to support the verdict was obtained as a result of a search warrant issued on an affidavit in which the affiant stated in the following language the source of his information and belief:

"That he is reliably informed by one or more persons, whom affiant knows to be reliable, that Otto Carroll now has in his possession approximately six cases of whisky, some of which is stored at the home of Henry Phillips. Affiant further states that he is acquainted with the reputation of Otto Carroll, from what his neighbors and acquaintances and people among whom he mixes and mingles and associates generally say, and that his reputation, from what the people generally say is bad for selling and dealing in liquor."

We have many times held that in order to constitute the basis for the issuance of a valid search warrant, an affidavit based upon information obtained from others must disclose the names of the informants. Duncan v. Commonwealth, 297 Ky. 217, 179 S. W. 2d 899; Litteral v. Commonwealth, 230 Ky. 573, 20 S. W. 2d 457; Taylor v. Commonwealth, 221 Ky. 216, 298 S. W. 685.

The Attorney General confesses error; and in view of the authorities cited, the motion for an appeal must be sustained and the judgment reversed. It is so ordered.