## Mattingly v. Commonwealth.

June 3, 1949.

562

Ernest N. Fulton and Will H. Fulton, Jr., for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

John R. Mattingly has been convicted of the crime of grand larceny, and his punishment fixed at confinement in the state reformatory for a term of one year. He was accused of stealing and carrying away a power lawn mower, the property of the City of Bardstown. The lawn mower was stolen in April, 1947, and was found on Mattingly's premises when they were searched on May 22, 1948, pursuant to a search warrant issued on that day by J. F. Conway, judge pro tem of the Nelson County Court. Reversal of the judgment is sought on the ground that the search was unlawful, and the evidence obtained thereby should have been excluded. It is insisted that the search warrant was void because the acting county judge was without authority to issue it and also because it was based upon an insufficient affidavit.

On May 18, 1948, the following order was entered on the County Court order book:

"The regular Judge of County Court being necessarily absent and unable to preside during May 19, J. F. Conway possessing the necessary qualifications is hereby appointed County Judge Pro Tem to act as County Judge in the absence of the regular Judge and was duly sworn."

On May 22, 1948, an affidavit for a search warrant was subscribed and sworn to by Clifton Gibson before the clerk of the Nelson County Court. On the same day a search warrant was issued commanding the sheriff to search the premises described in the affidavit of Gibson. The search warrant was signed "J. F. Conway, Judge pro tem of the Nelson County Court." It is appellant's contention that the order of May 18, 1948, appointing J. F. Conway county judge pro tem limited the appointment to a definite date, May 19, 1948, and that Conway had no authority to act after that day although the absence of the regular county judge continued through May 22. KRS 25.140 provides the authority for the appointment of a county judge pro tem. Subsections (1) and (2) of that section read:

"(1) The county judge may, by an order entered on the order book, appoint a county judge pro tem, and may remove him at pleasure. The county judge pro tem shall possess the qualifications of a regular county judge, and the regular judge shall be liable upon his official bond for the actions of the judge pro tem.

"(2) When the county judge is absent, or unable or disqualified to act, the county judge pro tem shall perform the duties of the regular county judge."

This statute contemplates a permanent appointment of a county judge pro tem subject to removal at the pleasure of the regular county judge, and when such an appointment is made the county judge pro tem may act during any absence of the regular county judge without the entry of another order of appointment. It seems that it was the custom of the regular county judge of Nelson Couny to appoint a county judge pro tem for a specific period of time covering the particular absence of the regular judge, and that a general order making a permanent appointment had never been entered. It is argued that these orders, including the one in question,

were orders of appointment and removal, and that the order appointing J. F. Conway limited his authority to act to one day, May 19. Although the order recited the regular county judge would be absent and unable to preside during May 19, we think a reasonable interpretation of the order is that J. F. Conway was to act as county judge during the absence of the regular judge and until his return, and, consequently, that he had authority on May 22 to issue the search warrant. Boles v. Commonwealth, 304 Ky. 216, 200 S. W. 2d 467. Even if it be conceded that J. F. Conway's appointment was for a definite and limited period, the condition which furnished authority for his appointment continued and he held over during the absence of the regular judge and continued to perform the duties of the office. He acted by color of right, and was, at least a de facto judge whose acts were valid so far as the public and interested persons were concerned. Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A., N. S., 1101, Ann. Cas. 1915C, 493; Ball v. George M. Eady Company, 193 Ky. 813, 237 S. W. 670; Ridout v. State, 161 Tenn. 248, 30 S. W. 2d 255, 71 A. L. R. 830, 43 Am. Jur., Public Officers, section 495.

It is next insisted that the affidavit was not sufficient to constitute the basis for the issuance of a valid search warrant because it failed to state definite facts or to disclose the name of the affiant's informant. The affidavit described in minute detail the stolen lawn mower. The description included several defects, broken parts, repairs and marks which were necessarily peculiar to the particular lawn mower and sufficient to identify it. After describing the lawn mower, the affiant stated:

"* * * there is probable cause for believing and he does believe that the above described stolen property is presently located on the premises of John Mattingly and under his control and said premises are described as follows:"

Then followed a description of the premises, and the affidavit continued:

"The affiant states that his belief, that the above mentioned stolen property is presently located on the premises occupied by John Mattingly and above de-

scribed, is based on the fact that he knows that the power lawn mower that fits the description of the mower stolen from the City of Bardstown as herein above fully set out, was on the property presently occupied by John Mattingly and hereinabove mentioned on last Wednesday evening, May 19, 1948.''

An affidavit based upon information obtained from others must disclose the names of the affiant's informants, Carroll v. Commonwealth, 297 Ky. 748, 181 S. W. 2d 259, but if the affidavit states the ultimate facts constituting the basis of the affiant's belief it is sufficient. Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839. In Boles v. Commonwealth, 304 Ky. 216, 200 S. W. 2d 467, it was held that an affidavit for a search warrant is sufficient if it states the source of the information or facts showing the grounds of belief, and that it is not necessary to state both the source and grounds. Here, the affidavit, after describing the stolen article sufficiently to identify it, stated positively that it was on appellant's premises on May 19, 1948. It is argued that while the affidavit stated as a fact that the stolen property was on appellant's premises, yet it developed on the trial that the affiant only had information that it was there. The truth of the affidavit could not be inquired into on the trial of the case. Commonwealth v. Thacker, 229 Ky. 488, 17 S. W. 2d 399. We think that the affidavit stated facts from which the existence of probable cause could be determined by the officer charged with the duty of issuing the search warrant. Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105.

Judgment is affirmed.