# Huff v. Knauf, Jailer.

October 13, 1950.

Joseph P. Goodenough, Judge.

Stuard Wegener for appellant.

James R. McGarry, A. E. Funk, Attorney General, John B. Browning, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

This is an appeal from a judgment of the Kenton Circuit Court dismissing a petition for a writ of habeas corpus. The appellant on this appeal was the appellant on the appeal from a judgment of the Campbell Circuit Court in the case of Huff v. Diebold, 313 Ky. ——, 233 S.W.2d 274.

Gene Huff was arrested on August 22, 1950, on a warrant charging him with grand larceny issued by the

Kenton County Court on August 12, 1950. The warrant was a duplicate, the original warrant which was based on an affidavit dated March 28, 1950, having been misplaced, and was signed by E. H. Walton, Judge Pro Tem of the Kenton County Court. In his petition for a writ of habeas corpus, appellant alleged that the warrant upon which he was arrested was issued upon an insufficient affidavit, and that the act of the County Judge Pro Tem in signing the warrant was void because the regular County Judge of Kenton County was not absent from the County when the warrant was signed. The regular County Judge was introduced as a witness, and testified that he left Kenton County on August 6, 1950, and was in the State of Michigan on the day the warrant was signed. Appellant's complaint of the affidavit is that it states no facts constituting probable cause, and was therefore insufficient to authorize the issuance of a warrant. The affidavit reads: "Affiant, Paul Huff, says that Gene Huff and Edward Humphrey, did, on the —— day of March, 1950, in Kenton County, Kentucky, unlawfully and wilfully commit the offense of grand larceny, contrary to the Statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky"

The affidavit was not based upon information obtained from others or upon belief, but it stated the ultimate fact of guilt which was sufficient. Mattingly v. Commonwealth, 310 Ky. 561, 221 S. W. 2d 82; Harvey v. Commonwealth, 226 Ky. 36, 10 S. W. 2d 471; Commonwealth v. Thomas, 225 Ky. 603, 9 S. W. 2d 719; Neal v. Commonwealth, 203 Ky. 353, 262 S. W. 287.

It appears that the regular County Judge of Kenton County entered an order on January 3, 1950, appointing E. H. Walton County Judge Pro Tem, and that Walton, as County Judge Pro Tem, signed the warrant in question on August 12, 1950, when the regular County Judge was out of the State. It is appellant's contention that since a second order appointing Walton Judge Pro Tem was not made immediately before the regular Judge left the State on August 6, the warrant is void because Walton had no authority to issue it. Referring to KRS 25.140, which provides for the appointment of a county judge pro tem, this court in Mattingly v. Commonwealth, 310 Ky. 561, 221 S. W. 2d 82, 83, said: "This statute contemplates a permanent appointment of a county judge

662

pro tem subject to removal at the pleasure of the regular county judge, and when such an appointment is made the county judge pro tem may act during any absence of the regular county judge without the entry of another order of appointment.''

We conclude that the Circuit Court properly denied the writ, and the judgment is affirmed.