## Brewer v. Commonwealth.

December 12, 1950.

John J. Winn, Judge.

F. T. Allen for appellant.

A. E. Funk, Attorney General and W. Owen Keller, Assistant Attorney General for appellee.

JUDGE CAMMACK—Reversing.

Finley Brewer was sentenced to two years in prison on the charge of breaking into a dwelling house. On this appeal he contends that the evidence used against him on the trial was secured under an illegal search warrant.

The attack upon the search warrant is based upon the charge that the affidavit of J. S. Caudel on which the warrant was issued was insufficient. In his original affidavit Mr. Caudel said he was the owner of a dwelling house; that it was broken into; and that a number of named articles had been taken therefrom. Before the search warrant was issued Mr. Caudel made an amended affidavit. The body of the amended affidavit follows:

"The affiant, J. S. Caudell, after being duly sworn, says that he is a citizen of Bath County, at Owensville, Kentucky; and he says that he is hereby amending his affidavit for he has same from reliable information from several persons that his household and kitchen furniture were taken by the said Finley Brewer, for his truck was seen at or near my cottage about the time this merchandise were taken. Said Brewer home is below Hazel Green, Ky., and known as the Old Phillips Farm.

"This said affidavit is hereby attached to the original affidavit, and making it a part of the original affidavit."

Mr. Caudel's affidavit set forth facts showing the commission of a crime. However, the basis for connecting Brewer with the crime was "reliable information from several persons" that Brewer had taken the articles and that Brewer's truck was seen at or near the cottage about the time the merchandise was taken. The affidavit did not set forth the names of the persons who saw Brewer take the merchandise nor the names of those who saw his truck near Mr. Caudel's cottage.

On many occasions this Court has pointed out that an affidavit for a valid search warrant which is based upon information obtained from others must disclose the names of the informants. Duncan v. Commonwealth, 297 Ky. 217, 179 S. W. 2d 899; Carroll v. Commonwealth, 297 Ky. 748, 181 S. W. 2d 259.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.