## WALKER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 16, 1953.

J. J. Tye, Victor A. Jordan, Barbourville, for appellant.

J. D. Buckman, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Aaron Walker has filed a motion for appeal from a judgment under which he was convicted of the offense of possessing intoxicating liquor for the purpose of sale in local option territory. Evidence which supported this judgment was obtained under a search warrant based on the following affidavit:

"The affiant Tom Collinsworth, states on oath that he believes and has reasonable grounds and probable cause to believe from information furnished this affiant by James Smith that Aaron Walker is in possession of and occupying a 1937 Green Chevrolet two seat automobile bearing License Number 495–780 Laurel County, Kentucky in which whiskey is being illegally held. Said probable cause is based on the following information and knowledge: The said Smith told affiant this day that he received information from persons unknown to affiant night before last and several times within the last few days that the said Walker is bootlegging and selling whiskey from said automobile in Barbourville, Kentucky, local option territory, and that the said Walker now has whiskey in his possession in said automobile for the purpose of sale."

The validity of the search warrant and the admissibility of the evidence obtained under it were properly challenged upon the trial of the case.

The affidavit is peculiar in several respects, because (1) the affiant, himself, undertakes to determine "probable cause"; (2) states that affiant made the statement upon information furnished to him by James Smith, and (3) relates that affiant had heard Smith say that he had received the information from other persons who were unknown to the affiant.

Section 10 of the Constitution reads in part:

> "No warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor *without probable* cause supported by oath or affirmation."

■ The judge or magistrate before whom the affidavit is filed and who possesses authority under the law to issue a search warrant is the one who is charged with the duty of determining the question of the existence of "probable cause" and not the person who executes the affidavit and asks for the warrant. 47 Am.Jur. Searches and Seizures, page 518.

■ A general rule of guidance, applicable in this state, is that in order to justify the issuance of a search warrant by a proper officer, the facts stated in the affidavit of complaint must be sufficient to create in the mind of a reasonable person a belief that the accused harbors evidence of guilt which may be discovered by search. (However, it need not create a belief of guilt beyond a reasonable doubt as is required in a final trial.) Jackson v. Commonwealth, 214 Ky. 166, 282 S.W. 1058 and Taylor v. Commonwealth, 198 Ky. 728, 249 S.W. 1035.

■ In the application of this general rule in order to test the sufficiency of various affidavits, this court has many times held that where the affidavit is based on information obtained from others, it must disclose the names of the informants. Taylor v. Commonwealth, 198 Ky. 728, 249 S.W. 1035; Van Hook v. Commonwealth, 247 Ky. 81, 56 S.W.2d 702; Litteral v. Commonwealth, 230 Ky. 573, 20 S.W.2d 547; Carroll v. Commonwealth, 297 Ky. 748, 181 S.W.2d 259; and Duncan v. Commonwealth, 297 Ky. 217, 179 S.W.2d 899.

In Brewer v. Commonwealth, 314 Ky. 269, 234 S.W.2d 956, 957, the nature of the rule was made even more certain when it was written:

> "Mr. Caudel's affidavit set forth facts showing the commission of a crime. However, the basis for connecting Brewer with the crime was 'reliable information from several persons' that Brewer had taken the articles and that Brewer's truck was seen at or near the cottage about the time the merchandise was taken. The affidavit did not set forth the names of *the persons who saw* Brewer take the merchandise nor the names of those who saw his truck near Mr. Caudel's cottage."

In other words, the affiant must not only give the names of his informants but must also give facts which show that the informants' intelligence was not solely based on idle rumor or suspicion.

In the case at bar, Collinsworth was the affiant, and he received his information from James Smith who, in turn, had received his knowledge from others who were not identified. If Smith, himself, had made the affidavit without disclosing the source of his information, it would have been defective. The transmission of Smith's information through another person does not render the vague information more acceptable.

■ We are of opinion that the affidavit was defective and the search warrant void, therefore, the appeal is granted and the judgment reversed for further proceedings not inconsistent with this opinion.