## Kinney v. Commonwealth.

(Decided September 25, 1923.)

### Appeal from Fleming Circuit Court.

Criminal Law—Intoxicating Liquors—Evidence Obtained by Search Admissible Though Affidavit for Warrant Based on Information Obtained from Others.—An affidavit stating that accused "is now in this county with a truck and affiants believe he has moonshine whiskey in said truck, transporting it through F. county; that said truck has in the rear of it something covered with a tarpaulin, presumably moonshine whiskey; that the said B. (the accused) has no known business in this county other than transporting moonshine whiskey"—stated sufficient facts to support a search warrant under Constitution, section 10, so as to render admissible evidence obtained thereby although it also stated that affiants had information

from a reliable person, and believed, and had reasonable ground to believe, that appellant was handling moonshine whiskey.

O. R. BRIGHT for appellant.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and B. S. GRANNIS, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Kinney asks a reversal of the judgment of the Fleming circuit court finding him guilty of the offense of unlawfully transporting intoxicating liquors, on the sole ground that the affidavit on which the warrant to search his truck was issued was defective and insufficient to constitute probable cause, rendering the evidence given by the officers who made the search and arrest incompetent against him. The affidavit is attacked upon the theory that it does not state facts but rather states the information which the two witnesses obtained from another person. It is true that the affidavit does state information obtained by the affiants from another, but we have held in the recent case of Goode v. Commonwealth, 199 Ky. 758, that such an affidavit is sufficient if it sets forth facts sufficient to induce in the mind of the judge or magistrate issuing the warrant probable cause for believing that the offense has been or is being committed.

The affidavit states that the appellant "is now in this county with a truck and affiants believe he has moonshine whiskey in said truck, transporting it through Fleming county; that said truck has in the rear of it something covered with a tarpaulin, presumably moonshine whiskey; that the said Bruce Kinney has no known business in this county other than transporting moonshine whiskey." It also states that affiants have information from a reliable person and believe and have reasonable grounds to believe that appellant is handling moonshine whiskey, and that his reputation is that of one trafficking in intoxicating liquors. When the officers searched his truck they found more than seventeen gallons of moonshine liquor in it. This he was transporting through Fleming county in a truck. The liquor found was under the tarpaulin hidden in a pile of tobacco on the truck. Appellant makes no defense as to his transporting the liquor except he says the evidence given by the officers was incompetent be-

cause obtained unlawfully. If obtained unlawfully it should be excluded, and if it were excluded there would be no evidence to support a conviction.

We are constrained to the view that the affidavit upon which the warrant was issued contained sufficient facts to produce in the mind of a reasonable person probable cause for believing that appellant was guilty of the offense of transporting intoxicating liquors in Fleming county at the time of the issual of the warrant, and that being true it was sufficient to support the warrant under section 10 of the Constitution and our Prohibition Act. The affidavit being sufficient the evidence given by the officers was competent and the judgment must be sustained.

Judgment affirmed.