## Ingram v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Evidence Obtained by Federal Officer Competent in State Court.—Evidence obtained by federal officers, under a search warrant, is competent upon a prosecution in a state court for violation of the liquor laws.

2. Courts—Test as to Validity of Warrant Issued and Served by Federal Officers.—The method of testing the validity of a search warrant, issued and served by federal officers, and its supporting affidavit, to determine the admissibility in a state prosecution of evidence procured by the search, is the same as that for testing a state warrant and affidavit.

3. Intoxicating Liquors—Affidavit for Search Warrant Sufficient.—An affidavit that people were going to and coming away from accused's premises in a drunken condition to such an extent as to constitute a menace to the community, was amply sufficient to induce a belief by the judicial officer that the person in possession and control of the premises possessed intoxicants, and warranted the issuance of a search warrant.

4. Intoxicating Liquors—Description of Premises in Affidavit for Search Warrant Sufficient.—An affidavit describing the place to be searched as the premises of the defendant located in Letcher county, was sufficient to authorize issuance of search warrant, where defendant owned or was in possession of a small place, locally well known.

5. Intoxicating Liquors—Place Sufficiently Described in Search Warrant.—A search warrant describing the place to be searched as the "premises now occupied by I. as a residence near Dalna, Letcher county, Kentucky, and within the district above named," etc., held sufficient.

6. Intoxicating Liquors—Description in Search Warrant Held to Include Garden.—A search warrant describing premises as those occupied by defendant as a residence, and at "one frame house, barns, smokehouse and other outbuildings, about one mile above the city of Dalna, on the waters of the Kentucky river, known as

the Harve Ison place," warranted a search of the garden on the premises within fifteen feet of the house.

R. MONROE FIELDS for appellant.

THOS B. McGREGOR, Attorney General, and EDWARD L. AL- LEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

For reversal of the judgment herein convicting appellant of the unlawful possession of intoxicating liquor, it is insisted that the evidence for the Commonwealth was incompetent because of defects in the affidavit and search warrant under which it was obtained, and that the court erred in admitting it and in refusing to direct an acquittal.

The affidavit upon which the warrant was issued, recites that the affiant:

"Has affidavit in his possession sworn to by D. Frazier, a citizen of the United States, that he has reasons for believing that intoxicating liquors are being kept for the purpose of sale and that he has seen various people going there and coming away in a drunken condition and that the conduct carried on there on said premises is a menace to the community by people coming away from this place acting in a drunken condition, being the premises of Ira Ingram and being situated in the county of Letcher and state of Kentucky."

The warrant was issued and served by federal officers, and we have held in Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839, that evidence so obtained by a federal officer is competent upon a prosecution in a state court, and that the method of testing the validity of such a warrant and its supporting affidavit is the same as that for testing a state warrant and affidavit. In Goode v. Commonwealth, 199 Ky. 758, 252 S. W. 105, we held that an affidavit stating that a named person a short time theretofore had told the affiant that he had seen whiskey on described premises was a statement of facts constituting probable cause and sufficient to support the warrant. The fact that this affiant's informant had furnished him an affidavit of the relevant facts cannot distinguish this case from that one, if the other facts stated in the affidavit were sufficient to induce a belief of probable cause by the officer issuing the warrant.

The facts stated in this affidavit are, in substance, that people were going to and coming away from appellant's premises in a drunken condition to such an extent as to create a menace to the community. Such facts were amply sufficient, in our judgment, reasonably to induce a belief by the judicial officer that the person in possession and control of the premises possessed intoxicants, and this criticism of the affidavit is not well taken.

It is further insisted that neither the affidavit nor the warrant sufficiently described the premises, but we consider this contention also without merit. The affidavit describes the place to be searched only as the premises of the defendant located in Letcher county, but nothing appearing to the contrary, we do not feel authorized to hold that such a description was insufficient to fix definitely the premises to be searched, as certainly it did if, as may have been the fact, defendant owned or was in possession of but a small place, locally well known. That this is true is indicated by the warrant, which describes the place to be searched as:

"The premises now occupied by Ira Ingram, as a residence, near Dalna, Letcher county, Kentucky, and within the district above named, the premises being more fully described as follows: One frame house, barns, smokehouse, and other outbuildings, about one mile above the city of Dalna, on the waters of the Kentucky river, known as the Harve Ison place."

The warrant then commands the officer "to enter the said premises and then and there to search diligently for said liquor, and if the same or any part thereof shall be found on said premises," etc. The contention is that this description covers only the named buildings and not the garden where the whiskey was actually found, and which, according to the evidence, is located "about ten or fifteen or twenty feet from the corner" of defendant's residence.

We do not think the mention of the buildings located on the premises occupied by appellant as a residence was intended or ought to be construed to confine the search simply to such buildings, but that the description as a whole means rather the premises occupied by the defendant as a residence, including the named buildings as well as such adjacent lands as were necessarily parts of "the premises occupied by Ira Ingram as a residence."

In Childers v. Commonwealth, 198 Ky. 848, 250 S. W. 106, we held that a garden and pond within a stone's throw of a residence constituted a part of the residential premises, and so here, too, we consider this garden a part of the premises occupied by the defendant as a residence, and therefore a part of the premises ordered to be searched by the warrant.

Judgment affirmed.