## Arnold v. Commonwealth.

(Decided December 19, 1924.)

### Appeal from Warren Circuit Court.

1. Intoxicating Liquors—Affidavit for Search Warrant Held Insufficient.—Affidavit that M. told affiant he was informed by unknown person that he had obtained whiskey from accused was insufficient as not furnishing reasonable grounds for issuing search warrant, nor giving accused necessary information to enable him to obtain redress if accusations were falsely made, especially as it did not disclose place where whiskey was obtained.

2. Criminal Law—Defects in Affidavit on Same Paper as Search Warrant, Made Part of Authenticated Transcript, Reviewable on

Appeal.—Where warrant and supporting affidavit were on same paper, introduced in evidence by Commonwealth, filed as exhibit, and made part of authenticated transcript, defects in affidavit could be considered on appeal, notwithstanding it was incumbent on Commonwealth to introduce warrant only.

G. D. MILLIKEN for appellant.

FRANK E. DAUGHERTY, Attorney General, and W. W. MANSFIELD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant is complaining of his conviction of unlawfully possessing intoxicating liquors, upon the ground that the evidence of guilt was obtained by an illegal search of his residence.

The search warrant is not defective, and the attack is upon the affidavit upon which it issued. The pertinent part thereof reads:

"The affiant says that on June 14, 1924, Frank Mason, who lives near Franklin, Ky., told him that he was informed by a man who was unknown to him, and who offered him a drink of whiskey in a closet in the rear of the Elks Bldg., that he got his whiskey from Henry Arnold, and that if he wanted some he could get it from Arnold as he had plenty."

We uniformly have held that an affidavit stating sufficient facts, based upon information given the affiant by a named person, furnished probable cause for the issuance of a search warrant. Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105; Kinney v. Commonwealth, 200 Ky. 221, 254 S. W. 751; Ingram v. Commonwealth, 200 Ky. 284, 254 S. W. 894; and Boone v. Commonwealth, 206 Ky. 657.

This conclusion, however, is based upon the fact that the affiant's informant is named, and that the affidavit therefore not only furnished the magistrate issuing the warrant the means of determining the source of the information and its credibility, but also furnished the accused the name of his real accuser and the data for a prosecution for redress if the charge was falsely made. As this affidavit does not give the name of the affiant's informant, it neither furnished to the magistrate reasonable grounds for belief of the facts stated only upon information obtained from an unknown and unidentified

person, nor to the accused the necessary information to enable him to obtain redress if the accusations were falsely made, and is therefore insufficient. Maynard v. Commonwealth, 201 Ky. 593, 257 S. W. 1024.

Not only so, but this affidavit does not even state any facts upon information from an unnamed source that would have warranted a search of the premises the warrant orders searched, since the place where the unnamed informant obtained his whiskey from the defendant is not disclosed.

It is therefore clear that this affidavit is wholly insufficient to support the search warrant, from which it follows that the warrant and the search made thereunder were illegal, and that the evidence thereby obtained was incompetent and should not have been admitted, as it was, over defendant's objection and exception.

But it is insisted for the Commonwealth, that the affidavit is not authenticated by the bill of exceptions, transcript of evidence, or in any proper way, and that it cannot now be considered. This, however, is not true. The warrant and the affidavit are upon the same sheet of paper, which was introduced in evidence by the Commonwealth, and that paper is filed as an exhibit and made a part of the transcript of evidence, which is properly authenticated by the official stenographer and the trial judge. Having thus introduced in evidence and incorporated into the record not only the warrant but also the affidavit upon which it issued, the Commonwealth cannot object to the consideration of the affidavit, even though under our rule it is incumbent upon the Commonwealth to introduce only the warrant, and if it is good upon its face, it then becomes the duty of the defendant to introduce the affidavit, if because of any defect therein he desires to attack the validity of the warrant.

As the search warrant was issued without probable cause the search was illegal, and as the only evidence of defendant's guilt was obtained thereby, it follows that the court erred in admitting same and in refusing to direct an acquittal.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.