## Boone v. Commonwealth.

(Decided December 19, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Searches and Seizures—Affidavit and Search Warrant Held Not Defective Because Describing Two Unconnected Apartments in Same House.—Affidavit and search warrant were not defective because two apartments in single house, not connected by opening, were described therein, where one apartment and part of other were under control of accused.

2. Intoxicating Liquors—Affidavit Held to Show Probable Cause for Believing Whiskey Unlawfully Stored on Premises.—Affidavit for search warrant, alleging that defendant was engaged in bootlegging at certain address, and that he kept whiskey stored in kitchen of adjoining apartment, to be unlawfully sold, furnished probable cause for issuing search warrant though affiant obtained information four days before he made affidavit.

3. Intoxicating Liquors—Affidavit for Search Warrant Based on Affiant's Belief Held Sufficient.—Affidavit for search warrant on affiant's belief, stating as basis for belief that information was obtained from named person, furnished probable cause for issuing warrant.

4. Criminal Law—Defect in Instructions Not Pointed Out in Motion and Grounds for New Trial Not Considered on Appeal.—Defect in instructions not pointed out in motion and grounds for new trial cannot be considered on appeal.

5. Criminal Law—Not Error to Submit to Jury Extent of Fine and Imprisonment to be Imposed Under Statute Requiring Imprison-

ment at Hard Labor.—As Acts 1922, c. 33, section 10, mandatorily requires that convictions thereunder shall be at hard labor, it was not error to submit to jury merely extent of fine and imprisonment to be imposed.

6.   Criminal Law—Accused Not Entitled to Reversal if Judgment Not Prejudicial is Merely Erroneous, but is Entitled to Reversal if Judgment Void.—Under Criminal Code of Practice, section 353. where judgment not prejudicial to accused's rights is merely erroneous, accused is not entitled to reversal; but, if judgment is void, it must be reversed.

7.   Criminal Law—Judgment Not Providing for Hard Labor as Required by Statute Held Not Void but Merely Erroneous.—Judgment imposing fine and imprisonment for violating Acts 1922, c. 33, section 10, without expressly providing for hard labor as required under statute, not being prejudicial, is not void, but merely erroneous, and not ground for reversal, being in defendant's favor.

MATT J. HOLT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant is complaining of a verdict and judgment convicting him of the unlawful possession of intoxicating liquor and fixing his punishment at a fine of $100.00 and 30 days' confinement in jail.

His grounds of complaint are: (1) That the evidence of guilt was obtained under an illegal search of his premises, (2) that the instructions given are erroneous, and (3) that the judgment is void because it does not require that he shall serve out the period of confinement at hard labor, as required by section 10 of the act (chapter 33 of the Acts of 1922), under which he was convicted.

The first contention is that both the search warrant and the affidavit upon which it issued are fatally defective because two distinct residences and places of abode are described therein and ordered to be searched. The premises ordered searched are thus described in both the affidavit and the warrant:

"A two-story frame house, 726 South Fourteenth street, and 728 South Fourteenth street, being a double house and under the same roof, in Louisville, Jefferson county, Ky., said premises consisting of a dwelling house, closets and rooms on both floors, yard, and all parts of the premises including outbuildings within the yard fence; said house being

a frame house, two-story double house. Being premises of Frank and George Boone, in Jefferson county, Kentucky.''

It developed upon the proof that although there is no opening between the two apartments in this single house, defendant had possession and control not only of the apartment in which he and his family lived, which is number 728 South Fourteenth street, but of the rear room also of the apartment numbered 726 South Fourteenth street, and that his brother, George Boone, with his mother, occupied the rest of the latter apartment as their residence.

The officers did not search that part of the house occupied by George Boone and his mother, but found some twenty odd gallons of moonshine whiskey in the portions thereof under the control and in the possession of the defendant, and we are clearly of the opinion that both the warrant and the affidavit described the premises to be searched with sufficient accuracy, and that neither the search warrant nor the affidavit therefor is fatally defective because two apartments in a single house are described therein and ordered to be searched, even though occupied by different parties.

We are not familiar with any provision of the law that requires a separate affidavit or warrant for different but accurately described premises, and certainly there is no inhibition against either a warrant or affidavit describing all parts of a single house in which there are reasonable grounds to believe contraband whiskey is stored.

2.  The next contention is that the warrant is invalid because it was issued upon information indicating that there had been whiskey in the house four days theretofore, and not that it was there when the warrant was issued. It is true only that the affiant obtained his information four days before he made the affidavit or the warrant issued, but that information was in substance that defendant was engaged in the bootlegging business at 728 South 14th street, and that for that purpose he "kept stored in the kitchen of 726 S. 14th street, quantities of moonshine whiskey, *to be* unlawfully sold and disposed of in this city and county.''

We are therefore of the opinion that the allegations of the affidavit were sufficient to furnish probable cause for belief by the magistrate who issued the warrant that

at that time whiskey was unlawfully stored in the premises for sale, as was later shown to be true. There is therefore no merit in this contention.

Another insistence is that the affidavit is fatally defective because it only states the opinion and belief of the affiant, and not any facts furnishing probable cause to the magistrate for issuing the warrant. The affiant, however, states as the reason for his belief, ''That George Boone stated to him in person that his brother, Frank Boone,'' sold whiskey from the described premises, and also kept large quantities stored there to be sold unlawfully.

We uniformly have held that such an affidavit furnishes probable cause, and upon authority of the cases so holding, this contention must also be overruled. Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105; Kinney v. Commonwealth, 200 Ky. 221, 254 S. W. 751; Ingram v. Commonwealth, 200 Ky. 284, 254 S. W. 894.

The instructions given are complained of upon the sole ground that they are insufficient to cover the whole law of the case. In support of this contention we are referred to Mattingly v. Commonwealth, 202 Ky, 343, 259 S. W. 710, and Joy v. Commonwealth, 203 Ky. 426, 262 S. W. 585. These cases are authority that in a criminal case the court must give the whole law of the case, whether requested so to do or not, but not otherwise pertinent here so far as we can discover. It is not suggested wherein the instructions given are either deficient or erroneous, and in our judgment they correctly submitted to the jury every conceivable phase of this case.

Section 10 of chapter 33 of the Acts of 1922, under which the final complaint is made, reads:

> ''All persons who are convicted under this act, where a jail sentence is inflicted as part of the punishment, shall serve out the jail sentence at hard labor, and all fines and costs assessed against any person under this act and not paid or replevied shall be served out by confinement at hard labor, at the rate of one day for each dollar of such fines and costs.''

Under our Code, the jury determines the degree of punishment in all criminal cases ''unless the same is fixed by law'' (section 258), and the court must, in its judgment, ''affix the degree of punishment to be inflicted unless the same be fixed by law'' (section 284).

As the statute, *supra,* mandatorily requires that in all such cases as this the confinement shall be at hard labor, the court did not err in submitting to the jury simply the extent of the fine and imprisonment to be imposed, and there is no complaint upon that score, but the judgment, though in accordance with the verdict and correct in all other respects, is manifestly defective in that it fails to provide, as the law declares, that defendant's confinement shall be at hard labor. Because of this evidently inadvertent omission, it is earnestly insisted by counsel for appellant that the judgment is absolutely void and not merely erroneous.

That the omission is not prejudicial to defendant's substantial rights is apparent, and admitted. Hence, if the judgment is simply erroneous, he is not entitled to a reversal (section 353, Criminal Code), as seems to be conceded. But if the judgment is void, it must be reversed and the cause remanded for proper proceedings, even though there was no motion below to set aside or modify it. Chapman v. Commonwealth, 199 Ky. 204, 250 S. W. 844. Being satisfied it is not void, we need not decide whether if so it would be reversed for a new trial or simply for modification, although the latter would seem to be all that would be required.

In support of the contention that the judgment is void, we are referred to many cases of other courts holding that imprisonment pursuant to the terms of a sentence or judgment, unauthorized by law, is illegal and ground for *habeas corpus,* but these cases are clearly inapplicable, since there neither is nor could be any claim that defendant's imprisonment in the county jail for the full term adjudged is unauthorized by law, or even erroneous.

Another line of cases relied upon holds that a judgment of imprisonment is void, and therefore open to collateral attack, where only a fine is authorized, but the facts of this case are clearly insufficient to bring it in that class.

Cases more nearly in point are those holding that a sentence to the state prison without express provision for hard labor is erroneous but not void. Numerous such cases are cited in support of the text in 16 C. J. 1309, that "A sentence of accused to the state prison need not expressly state that he is to be put at hard labor, where the statute provides that mode of punishment for convicts sentenced thereto."

The only difference is that in such cases the statutes provided for confinement at hard labor for all convicts in state prisons, as do ours; but for misdemeanors, under our statutes, the imprisonment is in the county jail, and for some offenses the confinement at hard labor is mandatory, while for others it is discretionary with the jury. Because of this difference, federal courts have usually, if not always, held that in cases where the statute makes hard labor a part of the punishment, it is imperative upon the court to include that feature in its sentence. 16 C. J. 1310, and notes.

We find ourselves, however, quite unable to regard such difference as material, or to accept as sound the reasons advanced in support of the conclusion that because of such an omission the judgment is void, and we cannot therefore adopt that rule. It seems to us that a patently and admittedly non-prejudicial omission from a judgment, and for which our statutes forbid a reversal, although erroneous, should not be declared by us of such moment as to render the judgment absolutely void, and by such indirection a reversible error.

That it could and would have been corrected by the trial court if attention had been called thereto is patent, and the error is so clearly in substance and in character clerical, and not judicial, that we regard it as merely a clerical misprision, or at least more nearly that than such judicial error as to invalidate the judgment.

To permit a defendant to take advantage, on appeal, of an inadvertent error in his favor, which could and would have been corrected below if he had desired to have it done, is not only at variance with both the letter and spirit of our Code of Practice, but of our sense of justice as well.

We therefore feel constrained to hold that the judgment is not void, but merely erroneous, and since the error is not prejudicial, it follows that the judgment must be and it is affirmed.