## Hammond v. Commonwealth.

(Decided March 11, 1927.)

### Appeal from Lawrence Circuit Court.

Intoxicating Liquors—Affidavit for Search Warrant, that Affiant was Told by "Reliable and Credible Citizen" that Defendant was Making and Keeping Liquor, Held Insufficient.—Affidavit for search warrant, made by deputy sheriff, reciting that affiant "was told today by a reliable and credible citizen of this county and state" that defendant has mash and is making intoxicating liquor and keeping it for sale at his dwelling, held insufficient, since not justifying finding of probable cause and not furnishing accused with name of real accuser, nor with facts enabling him to seek redress, if charges be false.

C. F. SEE, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant was charged by indictment with having in his possession an illicit still, and appeals from a judgment of conviction.

The only evidence against him was disclosed by the action of officers in the execution of a search warrant at his home, and the only question necessary to consider is the sufficiency of the affidavit upon which the search warrant was issued.

The affidavit was that of a deputy sheriff, and it recites:

"That he was told today by a reliable and credible citizen of this county and state that Frank Hammond has two barrels of mash set in the upper story of his dwelling house, which is located in Lawrence county, Kentucky, on the Sprucey fork of Donithon creek, and being the third house from the mouth of said Sprucey fork; the affiant further states that the said Frank Hammond is unlawfully manufacturing intoxicating liquor and keeping the same for sale on the above described premises; that he makes this affidavit that a search warrant may be issued for the said Frank Hammond's dwelling house."

A fair interpretation of this affidavit is that affiant had information from an unnamed person that defendant had mash in the upper story of his dwelling house, and was unlawfully manufacturing intoxicating liquor and keeping the same for sale at that house. This interpretation is fortified by the evidence of the witness on the trial that all the information he had was gained from the search warrant, and that up to that time he had never seen appellant manufacturing whiskey, or with a still in his possession, and was not required by the trial court, even on the trial, to give the name of his informant.

An affidavit based upon information given the affiant by an unnamed person is insufficient; such an affidavit is based only on rumor and general repute, and does not furnish the basis upon which an official is justified in finding the existence of probable cause for the issual of the search warrant. Maynard v. Com., 201 Ky. 593.

If the affidavit is based upon information and fails to disclose the affiant's informant, it not only does not furnish the magistrate issuing the warrant the means of determining the source of the information and its credibility, but it fails to furnish to the accused the name of his real accuser, or the facts which will enable him to seek redress if the charges be false. Arnold v. Com., 206 Ky. 347.

Obviously under these authorities the affidavit was insufficient to support a valid search warrant, and the evidence thereby disclosed was incompetent.

The appeal is granted and the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.