## Derefield v. Commonwealth.

(Decided September 27, 1927.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law.—In prosecution for manufacturing whisky, affidavit that affiant "was told by a reliable person" that there was a still and intoxicating liquor on defendant's premises held insufficient as basis for search warrant, rendering evidence obtained by search thereunder inadmissible.

2. Criminal Law.—In prosecution for manufacturing whisky, where state's evidence, without that obtained by search under warrant based on defective affidavit, was insufficient to take case to jury,

court should have peremptorily instructed to acquit at conclusion of commonwealth's evidence.

C. F. SEE, JR., for appellant.

F. E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant has been convicted in the Lawrence circuit court of unlawfully manufacturing whisky, and has. moved that an appeal be granted and that the judgment be reversed.

All of the evidence against him was obtained by peace officers while searching his dwelling house and outbuildings under a search warrant. The competency of the evidence is questioned upon the ground that the affidavit for the search warrant was insufficient. That is the only question presented by the appeal of sufficient merit to require consideration. The affidavit was made by George Carter, a deputy sheriff of Lawrence county, and it recited that he had reasonable grounds to believe and did believe that intoxicating liquor was being unlawfully manufactured, possessed, and sold, and that an illicit still was being unlawfully kept and operated, by appellant, Enos Derefield, in his residence and outbuildings and on his premises, which were sufficiently described. The affidavit then continued in these words:

"That affiant bases his belief on the following facts: That a certain reliable person a few days ago told him that he had visited the residence above mentioned, and that there was there in a small outhouse in the yard intoxicating liquor, and that a still was in the dwelling house. Affiant further says that there is at this time unlawfully kept intoxicating liquor and an illicit still on the premises and in the residence and outbuildings of the said Enos Derefield above described; that he makes this affidavit that a search warrant may be issued for the premises, dwelling, and outhouses of the said Enos Derefield, and that he may be proceeded against according to law."

An affidavit so similar as not to be distinguishable from this was considered by this court in Hammond v.

Commonwealth, 218 Ky. 791, 292 S. W. 316, and held to be insufficient. Upon authority of and for the reasons stated in the Hammond opinion, supra, it must be held that the affidavit now in question was insufficient to authorize the magistrate to issue a search warrant, and that therefore the evidence discovered by the peace officers while operating under the search warrant so obtained was incompetent against appellant.

The trial court should have sustained appellant's objections to it; and, it appearing that, aside from the evidence discovered by means of the search, there was not sufficient evidence of appellant's guilt to take the case to the jury, at the conclusion of the commonwealth's evidence the trial court should have peremptorily instructed the jury to find defendant not guilty.

For the reasons indicated, the appeal is granted, and the judgment is reversed, and cause remanded for a new trial consistent herewith.