## Litteral v. Commonwealth.

(Decided September 24, 1929.)

W. J. WARD for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Cora M. Litteral prays an appeal from a judgment convicting her of the illegal possession of intoxicating liquor, and fixing her punishment at a fine of $200 and 30 days in jail.

As all the evidence was obtained by a search of appellant's premises, and was admitted over her objection, the only question for decision is whether or not the

search was legal, and this depends on whether the affidavit for the search warrant was sufficient. Omitting the immaterial portions, the affidavit is as follows:

"The affiant, J. L. Adams, whose post office address is Paintsville, state of Kentucky, states: That he is a deputy sheriff of Johnson county, and that he has reasonable grounds to believe that intoxicating liquors are being sold, manufactured, disposed of, or illegally possessed in a house, building, or premises owned or controlled by Cora Melvin Litteral and located and described as follows: A two-story frame building on the Garret Highway, near the mouth of Mud Lick creek, in Johnson county, Kentucky. That he bases the foregoing affidavit and his belief and ground for same upon the following facts: He has seen different persons there, and cars parked there, and people have informed him that liquor is being sold at said place."

Though we have adopted the liberal rule that an affidavit based on information furnished by a named individual was sufficient to support a search warrant, Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105, we have uniformly ruled that an affidavit based on information furnished by an unnamed person or persons was insufficient, Derefield v. Commonwealth, 221 Ky. 173, 298 S. W. 382; Taylor v. Commonwealth, 221 Ky. 216, 298 S. W. 685. Here the allegation is, "people have informed me," and there can be no doubt that it is too vague and indefinite to support the search warrant. The only other allegation is, "he has seen different persons there and cars parked there." If an officer should stand in front of any one's premises long enough, he would see different persons there, and cars parked there, and manifestly this fact, unless accompanied by some further statement, such as that persons coming out of the premises were intoxicated, Ingram v. Commonwealth, 200 Ky. 284, 254 S. W. 894, is wholly insufficient to authorize the issuance of a search warrant. As the facts stated, whether considered singly or together, were not sufficient to warrant the magistrate in finding probable cause, it follows that the search warrant was illegal, and that the evidence thereby obtained was inadmissible.

Wherefore the appeal is granted, and the judgment reversed and cause remanded, for a new trial consistent with this opinion.