**EMBERTON v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 18, 1954.

J. C. Jernigan, Tompkinsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Herman Emberton, was found guilty of the charge of having in his possession intoxicating liquors for the purpose of sale in local option territory. He was fined the sum of $50 and sentenced to confinement for 30 days in jail.

The sole question presented for decision is whether or not the affidavit supporting the search warrant is legally sufficient. It reads in part:

"The affiant, W. C. Bartley, whose post-office address is Tompkinsville, State of Kentucky, states that he is a resident and citizen of Monroe County, Ky. and more than 21 years of age and Deputy Marshal of Tompkinsville, Ky. and that he has reasonable grounds to believe, and does believe that intoxicating liquors are being sold, manufactured, disposed of or illegally possessed in a house, building or premises, owned or controlled by Herman Emberton * * *; that he bases the foregoing affidavit and his belief and grounds for same upon the following facts and for the following reasons: That he has been told by divers of persons that Herman Emberton was selling liquor, and that he knows Herman Emberton has now, this day, Nov. 8, 1953, whiskey and beer or wine for sale in the above described building for the purpose of sale in violation of the local option law in this Monroe County where the local option law is now in full force and effect and that the said Herman Emberton has the reputation of being in the liquor business."

At the trial appellant objected to the introduction of any evidence obtained by reason of the search on the ground that the search warrant was supported by an insufficient affidavit. The court overruled the motion. Counsel for appellant, in an able and

well documented brief, urges that the court's action was erroneous.

We have held that a search is illegal if made under a warrant based on an insufficient affidavit, Price v. Commonwealth, 195 Ky. 711, 243 S.W. 927, and evidence obtained under an invalid search is inadmissible, Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303.

Section 10 of the Constitution of Kentucky provides that no search warrant shall issue without probable cause supported by oath or affirmation. In Colley v. Commonwealth, 195 Ky. 706, 243 S.W. 913, 914, we accepted this definition of the phrase, probable cause, "Bouvier defines probable cause as one affording a reasonable ground of suspicion, supported by circumstances sufficiently strong within themselves, to warrant a cautious person in the belief that a person accused is guilty of the offense with which he is charged."

In Jackson v. Commonwealth, 214 Ky. 166, 282 S.W. 1058, it was pointed out that this "cautious person" who is charged with the determination of whether or not probable cause exists is the judge or judicial officer who issues the search warrant and not the person who files or swears to the affidavit.

It may be noticed that, although the affiant in this case charges "that he knows Herman Emberton has now this day, Nov. 8, 1953, whiskey and beer or wine for sale in the above described building," the affiant was very careful to limit the scope of his knowledge and to state the basis for the conclusion reached was "that he had been told by divers of persons that Herman Emberton was selling liquor." This court has had occasion to comment upon such a reservation and in each of the following cases, Carroll v. Commonwealth, 297 Ky. 748, 181 S.W.2d 259; Duncan v. Commonwealth, 297 Ky. 217, 179 S.W.2d 899; Taylor v. Commonwealth, 221 Ky. 216, 298 S.W. 685; Litteral v. Commonwealth, 230 Ky. 573, 20 S.W.2d 457, held that an affidavit based upon information obtained from others must disclose the names of the informants.

The case at bar is similar in facts to those presented in Caudill v. Commonwealth, 202 Ky. 730, 261 S.W. 253, 254, wherein the affiant stated: " 'that he is positive has reason to believe and does believe that within a certain house,' etc., and 'that the facts tending to establish the grounds of this application, and the probable cause of deponent believing that such facts exist are as follows: That the affiant is positive that there is now in the possession of Mathew Caudill a moonshine still,' etc." The court held that the maker of this affidavit stated no fact or circumstance upon which to base his belief that appellant had a moonshine still in his possession and that the affidavit itself did not furnish to the judicial officer who issued the search warrant facts or circumstances upon which to base probable cause for so believing. It was pointed out that the statement, " 'that he is positive has reason to believe and does believe' ", was merely another way to say that he strongly believed and it did not measure up to the rule adopted by this court that the statement by the affiant must be of the ultimate fact, as a fact, and not merely upon information and belief that the fact exists. See also Keith v. Commonwealth, 197 Ky. 362, 247 S.W. 42; Hammond v. Commonwealth, 218 Ky. 791, 292 S.W. 316; Derefield v. Commonwealth, 221 Ky. 173, 298 S.W. 382.

When the affidavit in the instant case is interpreted with the limitations of the affiant's reservations in mind, we believe it discloses only that it was based upon rumor and general reputation and was not sufficient to satisfy the requirements of Section 10 of the Constitution and the cases above cited.

We conclude that the evidence obtained under the invalid search should have been excluded and that appellant's motion for a directed verdict at the close of the case for the commonwealth should have been sustained.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.