**H. H. PERKINS et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1964.

Joe S. Feather, R. L. Brown, William Cox, Jr., Williamsburg, for appellants.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellants, Perkins, Owens and Barnett, were jointly indicted for and con-

victed of illegally possessing alcoholic beverages in dry territory. KRS 242.230. Each was fined $100, sentenced to 60 days in jail, and placed under a $1,000 peace bond for a period of 12 months. KRS 242.410 and 242.990. They appeal by notice and motion as authorized by KRS 21.-140(2) and RCr 12.52.

The ground on which we sustain the motion and reverse the judgment is that incriminating evidence introduced at the trial had been obtained by means of an illegal search. Const. § 10.

The search was made pursuant to a warrant. The premises described in the warrant included a 2-story structure on Kentucky Highway 26, near the outskirts of the city of Corbin, and an adjacent used car lot. The ground floor of the building was used as a grocery store and gasoline service station, and the upper story consisted of living quarters. There were a number of used cars on display in the lot at the time of the search, and the warrant directed that all motor vehicles on the premises be searched. The appellant Perkins was named in the affidavit and warrant as the person in possession of the property.

The raid was made by several officers under the direction of a lieutenant of the Kentucky State Police. When they arrived, the appellant Owens was seated at the wheel of a small Fiat automobile parked parallel with the highway at or near the dividing line between the public right-of-way and the property described in the warrant. So far as the evidence shows, this automobile was owned by Owens. It was not one of the used cars for sale and was not parked in the display line. The lieutenant dispatched one officer to search the Fiat while he and the others went inside the store, where the appellant Barnett was in charge. A goodly quantity of whiskey and beer was found in the Fiat.

Nothing of note was discovered elsewhere on the premises.

The affidavit for the warrant was made by a state ABC agent on information given him by a state trooper at 9:00 A.M. on March 17, 1964,[1] to the following effect:

"That from March 10, 1964 to March 16, 1964 at various times of the day and night he observed an unusual amount of traffic, including taxi cabs, going to and coming from the above described premises and that from 2:00 P.M. to 3:00 P.M. on March 16, 1964[2] this type of traffic was still going to and coming from the above described premises and at this time on March 16, 1964 and at other times and dates he was so near the premises that he could and did observe this traffic."

The affidavit did not state that either Perkins or the premises had a bootlegging reputation, nor did it suggest any circumstance other than the amount of vehicular traffic as probable cause for believing that alcoholic beverages were involved.

■ The Attorney General concedes that the affidavit was insufficient on its face to support a search warrant. Elliott v. Commonwealth, 216 Ky. 270, 287 S.W. 726 (1926). Cf. Litteral v. Commonwealth, 230 Ky. 573, 20 S.W.2d 457 (1929).

■ With respect to the search of Owens's automobile, the evidence produced at the trial was not sufficient to justify a finding that Owens was a servant of or acting in concert with Perkins, the possessor of the searched premises Therefore, even if the warrant had been valid it did authorize the search of the Fiat.

The motion for appeal is sustained and the cause reversed for new trial with directions that if the evidence is the same a verdict be directed in favor of all the appellants.

1. The date on which the warrant was issued and executed.

2. Which fell on Monday.