Roger BERKSHIRE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1971.

William I. Bubenzer, Covington, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Roger Berkshire was convicted of the unlawful possession of marijuana as denounced by KRS 218.020 prior to the amendments affecting the offense as enacted by the 1970 General Assembly. His punishment was fixed at confinement in the penitentiary for five years and a fine of $1,000. On this appeal he asserts that the trial court erroneously refused to suppress evidence obtained pursuant to a search warrant, because the affidavit for the search warrant was defective. As a portion of this contention, it is argued that KRS 218.245 is unconstitutional.

The judge of the Covington police court issued a search warrant authorizing the

search of a certain automobile, the exact description of which was provided in the affidavit for the warrant. The affidavit upon which the search warrant was issued was made by Officer Jess Sanders of the Covington Police Department. Omitting the caption, the affidavit states:

"Comes the affiant, Jess Sanders, a peace officer of the Covington Kentucky Police Department, who personally appeared before the undersigned and being first duly sworn now on oath deposes, affirms and says that he has and there is reasonable and probable grounds to believe and affiant does believe that there is now in a vehicle described as a 1965 * * * Chevrolet * * * [a complete identification of the car was given] parked in front of 2730 Alexandria Avenue, Covington, Kentucky, and particularly in the rear deck or trunk compartment of said motor vehicle * * * the following described personal property, to wit: Cannabis sativa commonly known as marijuana.

"Affiant states that there is probable and reasonable cause to believe and affiant does believe that said property constitutes property or things used as the means of committing a crime.

"Affiant has been an officer in the above agency for a period of 28 years, and the information and observations contained herein were received and made in his capacity as an officer thereof.

"On the 23rd day of October 1969, at approximately 11:50 p. m., affiant received information from a reliable, credible and confidential informant, whose name is not disclosed herein, that an individual at about 3 p. m. o'clock on October 23, 1969, placed said cannabis sativa, commonly known as marijuana, in the rear deck or trunk of said motor vehicle; that the name of said confidential informant is not disclosed herein pursuant to the provisions of KRS 218.-245.

"Acting on the information received, affiant conducted the following independent investigation: Surveillance was made at 2730 Alexandria Avenue, Covington, Kentucky, and a motor vehicle as hereinbefore described was found parked at said location. * * *."

For convenient reference, KRS 218.245 is quoted:

"In any preliminary hearing, criminal trial, or other criminal proceeding involving an alleged violation of the narcotic drug laws or of the laws regulating amphetamines, barbiturates, or other dangerous drugs evidence of information communicated to a peace officer by a confidential informant, who is not a material witness to the guilt or innocence of the accused of the offense charged, shall be admissible on the issue of reasonable cause to make an arrest or search without requiring that the name or identity of the informant be disclosed if the judge or magistrate is satisfied, based upon evidence produced in open court, out of the presence of the jury, that such information was received from a reliable informant and in his discretion does not require such disclosure."

The appellant points out that this court has frequently struck down search warrants based on affidavits which failed to disclose the identity of the affiant's informant. He reasons that these interpretations by this court are equivalent to a declaration that the Constitution of Kentucky assures such a right to every person and that the General Assembly had no legal authority to diminish or otherwise alter such a constitutional guarantee. Decisions of this court cited by the appellant are Arnold v. Commonwealth, 206 Ky. 347, 267 S.W. 190; Hammond v. Commonwealth, 218 Ky. 791, 292 S.W. 316; Derefield v. Commonwealth, 221 Ky. 173, 298 S.W. 382. The Commonwealth calls attention to Boles v. Commonwealth, 304 Ky. 216, 200 S.W.2d 467, in which the court held that it was not required that both the source of information

and the grounds of the affiant's belief be stated. Statement of either was deemed enough. The rationale of Boles v. Commonwealth is thus expressed in the opinion:

"We believe it [affidavit for search warrant] to be valid because it recites the facts. Having read the first case cited by able counsel for appellant, we found therein the declaration that an affidavit for search warrant would be considered insufficient unless it was accompanied by facts showing the source of information *or* the grounds of belief. It was not declared that the source of information *and* the grounds of belief must both be stated. The source *or* grounds is required, but both the source *and* grounds are not required to be hitched up together in double rig fashion, as we read the authorities on this question." Id. 200 S.W.2d at page 468.

It may be conceded that it is beyond the prerogative of the General Assembly to diminish constitutional rights by a statutory enactment. The court is of the view, however, that the decisions just cited, and many others which might be cited, which have held that affidavits for search warrants are invalid for failure to identify an informant of the affiant did not establish a *constitutional* requirement that such information be disclosed. As noted in Boles, Section 10 of the Kentucky Constitution guarantees:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

The basic assurance of that constitutional provision is protection against unreasonable search and seizure, accompanied by a requirement that no search warrant shall issue except upon probable cause supported by oath or affirmation. The requirements of Amendment 4 of the United States Constitution, as made applicable to the states by the Fourteenth Amendment, are substantially the same. The Supreme Court has held in a number of cases that a constitutionally valid search warrant may issue, even though the affidavit upon which it is based fails to disclose the name of the affiant's informant, if the affidavit provides sufficient information to enable an impartial magistrate to evaluate the reliability or trustworthiness of the informant and relates enough of the underlying circumstances from which the affiant concluded that his informant was credible and the information received was reliable.

Another reason sometimes assigned in the earlier Kentucky cases as a basis for requiring the disclosure of an informant's identity was to assure civil redress against the informant for falsely incriminating the accused. There appears to be no *constitutional* guarantee of that reason for identifying an informant. See Rogers v. Commonwealth, Ky., 424 S.W.2d 130. The court is of the view that the previous decisions of this court which appear to unequivocally hold that no valid affidavit for a search warrant may be had without disclosure of the identity of an informant are not sound. Those decisions are overruled, with the caveat that disclosure or nondisclosure of the informant's identity will affect the validity of the affidavit, measured by the standards hereinafter discussed.

The cases most nearly apposite to the question at hand are United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1962).

It will be observed that the affidavit of Officer Sanders recited that he had received information from "a reliable, credible and confidential informant * * * that an individual at about 3 p. m. * * *

placed said * * * marijuana in the rear deck or trunk of said motor vehicle * *." That averment of the affidavit did not apprise the police judge of any basis for the affiant's characterizing his informant as "reliable," or "credible." The affidavit failed to relate how the informant obtained the information that an individual had placed marijuana in the car trunk. So far as is disclosed by the affidavit, the informant may have overheard some other person or persons repeating a rumor to that effect. It is true, as pointed out in the brief for appellee, that Officer Sanders testified in the circuit court that the reputation of his informant for truth, veracity, and honesty was good, although he admitted on cross-examination in chambers that the informant had not furnished tips to the police prior to the present incident. The effort to bolster the credibility and reliability of the informant in the circuit court was entirely unavailing.

■ The propriety, vel non, of the action of the magistrate in issuing the warrant is to be measured only in light of information brought to the magistrate's attention. Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503, 1509; 79 C.J.S. Searches and Seizures § 74 p. 872. The reference in KRS 218.245 to a hearing out of the presence of the jury relating to the question of whether the information was received from a reliable informant pertains only to that portion of the statute dealing with the issue of reasonable cause to make an arrest, not to reasonable cause for issuing a search warrant.

It is true that in Spinelli the Supreme Court analyzed its ruling in Aguilar pointing out that the Aguilar affidavit was deemed inadequate for two reasons:

"First, the application failed to set forth any of the 'underlying circumstances' necessary to enable the magistrate independently to judge of the validity of the informant's conclusion that the narcotics were where he said they were. Second, the affiant-officers did not attempt to support their claim that their informant was ' "credible" or his information "reliable." ' " Id. 393 U.S. 413, 89 S.Ct. 587, 21 L.Ed.2d 641–642.

■ In Spinelli it was pointed out that the affidavit was more ample than in Aguilar since it not only contained a report from an anonymous informant but also contained a report of an independent FBI investigation purportedly corroborating the informant's tip. The Supreme Court concluded, however, that the corroborative information, considered with the informant's tip, was not sufficient to provide the basis for a finding of probable cause. It will be seen in the present case that the only corroboration is the affiant's report of a surveillance which disclosed that the described automobile was parked on a public street in Covington. That circumstance alone is not enough to support a finding by the issuing magistrate of probable cause. An anaylsis of the affidavit in the present case reflects that it contains the bare statement that an anonymous informant, whose averred credibility and reliability are not supported in any way, told of having information that marijuana was located in a certain automobile but did not explain how that information was obtained. The report of the informant was corroborated to the extent that the described automobile was found to be parked where he said it was, but that minimal corroboration was insufficient to generate the basis for a finding of probable cause for issuing the search warrant.

The Supreme Court upheld a search based on an affidavit reciting information obtained from a nonidentified informant in United States v. Harris, 403 U.S. 573, 91 S. Ct. 2075, 29 L.Ed.2d 723 (decided June 28, 1971). In doing so the Supreme Court laid emphasis on the fact that the affidavit recounted the personal and recent observations by the unidentified informant of criminal activities which, said the Supreme Court, were "factor[s] showing that the information had been gained in a reliable manner, and serving to distinguish [the

tip] from that held insufficient in Spinelli, supra, in which the affidavit failed to explain how the informant came by his information." United States v. Harris, 403 U.S. at page 579, 91 S.Ct. at page 2080, 29 L.Ed. 2d at page 731.

In Henson v. Commonwealth, Ky., 347 S. W.2d 546, this court specifically renounced the so-called "ultimate fact" rule in testing search-warrant affidavits. The requirement is that the affiant must lay before the magistrate underlying facts and circumstances (not mere conclusionary statements of the "ultimate fact") so that the magistrate may impartially form a judgment as to whether probable cause for a search exists. If the affiant's own bare statement of the ultimate fact is insufficient—and clearly it is—certainly the same result must obtain if the affiant merely recites that an informant reported the ultimate fact to him. This is all that the affidavit in question did recite. If Officer Sanders had deposed only that an individual placed marijuana in a specific car at a definite time and place, the affidavit would not have passed the test as outlined in Henson and the cases which have followed it. When his affidavit merely recites that someone else told him so, it simply becomes one more step removed from meeting the test.

In light of the court's view of this case, it becomes unnecessary to pass on the alleged unconstitutionality of KRS 218.245. It is appropriate to observe, however, that the principles expressed in the statute appear to be applicable in measuring any affidavit for a search warrant within the framework of the cases already mentioned.

Since the affidavit did not set forth any basis whereby the magistrate could measure the credibility of the informant or the reliability of the information furnished by him, it was not sufficient to enable the Covington police judge to find probable cause. The external corroboration was not enough to supply the elements needed to a finding of probable cause. It follows that the trial court erred in failing to suppress the evidence obtained in the search.

The judgment is reversed for further proceedings consistent with the opinion.

MILLIKEN, C. J., and HILL, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., dissents.

NEIKIRK, Judge (dissenting).

In my opinion my colleagues should not have dodged the issue of determining the constitutionality of KRS 218.245. The Legislature enacted this statute to aid law enforcement officers to accomplish exactly the results obtained in this case.

I would hold the affidavit and search warrant in this case sufficient under KRS 218.245. To me, the basic requirements as set forth in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, were met. The affidavit for the search warrant provided ample and sufficient basis for the issuing magistrate to determine that probable cause for the search of the automobile did exist. Surely it is not required that magistrates and those issuing search warrants be as legalistically technical in all respects as the majority of the court would require.

I would affirm the conviction obtained in this case.