Kenneth FILLERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1971.

James F. Ogden, Covington, for appellant.

John B. Breckinridge, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant was found guilty of illegal possession of morphine, a narcotic drug, in contravention of KRS 218.020. His punishment was fixed at a fine of $10,000 and imprisonment for eight years. On this appeal the sole question presented is whether the affidavit for a search warrant was valid. The contraband was seized after a search of appellant's automobile, pursuant to a search warrant issued by the Judge of the Covington Police Court. The affidavit upon which the search warrant was issued is as follows:

"Comes the affiant, William D. Jones, Special Agent of Bureau of Investigation, U. S. Govt., who personally appeared before the undersigned and being first duly sworn now on oath deposes, affirms and says that he has and there is reasonable and probable grounds to believe and affiant does believe that there is now on the premises known and * * * in (a) vehicle described as a 1963 Buick (2 door) Riveria, registered in the name of one Kenneth Fillers, 15 West 15th Street, Cincinnati, Ohio and parked in Gateway Motel parking lot *2nd* and Scott Streets, Covington, Kentucky and being towed to Al's Garage, 25 West 18th Street, Covington, Kentucky, and entire interior of said motor vehicle bearing 1969 Ohio License 6190 AS the following described personal property, to wit: A narcotic drug, commonly known as morphine.

"Affiant states that there is probable and reasonable cause to believe and affiant does believe that said property constitutes property or things used as the means of committing a crime.

"Affiant has been an officer in the above agency for a period of one year and the information and observations contained herein were received and made in his capacity as an officer thereof.

"On the 11th day of February, 1970, at approximately 3: P.M., affiant re-

ceived information from a reliable, credible and confidential informant, whose name is not disclosed herein, that at about 10: A.M., same date, February 11, 1970, said Kenneth Fillers did have morphine on or about his person and at said time, said Kenneth Fillers was in possession and control of said motor vehicle hereinbefore described.

"Acting on the information received, affiant conducted the following independent investigation: affiant upon investigation determined that Kenneth Fillers was in possession of said motor vehicle hereinbefore described and said motor vehicle located in Al's Garage, 25 West 18th Street Covington, Kentucky * * *."

Berkshire v. Commonwealth, Ky., 471 S. W.2d 695, decided October 8, 1971, was rendered after trial of this case in the trial court. The affidavit here is as deficient as was the affidavit condemned in Berkshire, and for the same reasons.

The Commonwealth virtually concedes that the affidavit in this case is indistinguishable from the one invalidated in Berkshire, but contends that the independent investigation of the officer (whereby he learned that appellant actually owned an automobile as described in the affidavit) was enough to furnish a basis for a finding of probable cause and reliability of the unnamed informant. Ownership of a particular car, in the circumstances presented here, is not a basis for inferring anything except, perhaps, that the appellant knows how to drive and is sufficiently affluent to have title to an automobile. Neither of these circumstances lends any support to the claim that an unnamed informant was credible or that the unnamed informant himself had obtained his information in a legally acceptable manner. The court erred in denying appellant's motion to suppress the fruits of the illegal search.

The judgment is reversed for proceedings consistent with the opinion.

MILLIKEN, C. J., and HILL, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., dissents.

NEIKIRK, Judge (dissenting).

I respectfully dissent from the majority opinion. In my opinion, the affidavit of William D. Jones, Special Agent for the Bureau of Investigation of the U. S. Government, was valid. The affidavit sets out that Jones had received his information from an unknown and confidential informant and is conclusory in some respects. Had the affidavit stopped at this point, I would concur with the majority of my colleagues in holding the affidavit insufficient under Berkshire .v. Commonwealth, Ky., 471 S.W.2d 695 (decided October 8, 1971). However, the affiant Jones stated that he had conducted an independent investigation based on the information he had received from the informant and had determined that the appellant was in possession of the motor vehicle that had been described previously in the affidavit and that it was the same motor vehicle described by the confidential informant.

In my opinion, when considered together with all the other statements in the affidavit, the recital of the facts gave the officer issuing the search warrant sufficient information to find probable cause. The majority of the Supreme Court, in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, said:

"* * * If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper

 

place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. See Aguilar v. State of Texas, supra [378 S.Ct. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723]. Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States, supra, 362 U.S. 257, at 270, 80 S. Ct. 725, at 735, 4 L.Ed.2d 697."

In the instant case, "underlying circumstances" were set out in the affidavit. The independent investigation and statements relative thereto were, in my judgment, sufficiently detailed. The affidavit gave the issuing officer reason for holding reliable the source of information given to the affiant. The search warrant was not issued on the information, standing alone, given by the unknown informant, but was also based on the affiant's personal knowledge gleaned from his investigation. The investigation tested the credibility of the informant as well as revealed substantial facts sufficient to meet the test of probable cause.

I would affirm the judgment.